IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Melissa Plant,

        Plaintiff

vs.                                              Case No.

Mercantile Adjustment Bureau, LLC,

        Defendant

**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF
AND DEMAND FOR JURY TRIAL**

### JURISDICTION

1.  This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices. Plaintiff further alleges a claim for invasion of privacy ancillary to Defendant's collection efforts. Jurisdiction is proper before this Court pursuant to 15 U.S.C. § 1692k(d).

### VENUE

2.  Venue is proper before this Court as the acts and transactions giving rise to this suit occurred in this State, because Plaintiff resides in this State, and because Defendant transacts business in this State.

### PARTIES

3.  Plaintiff, Melissa Plant, is a natural person residing in New Mexico.

4.  Defendant, Mercantile Adjustment Bureau, LLC, is a corporation engaged in the business of collecting debts by use of the mails and telephone, and

Defendant regularly attempts to collect debts alleged to be due another in the State of New Mexico.

## FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector, including failing to state this in a voicemail left with Plaintiff (§ 1692e(11));

   b) Failing to disclose Defendants true corporate or business name in a telephone call to Plaintiff, including leaving a voicemail where the only name given was Mercantile. This was not sufficient to identify Defendant as there are multiple collection agencies that use the word Mercantile in their name (§ 1692d(6));

   c) Threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including threatening in a voicemail to involve Torrance County. Normally, debtors will conflate mention of a county with a lawsuit or criminal prosecution. Plaintiff is at a loss to imagine what Defendant could have been referring to by mentioning the name of her county if it was not a threat to initiate one of those (§ 1692e(5));

   d) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt, including refusing to provide Plaintiff with Defendants name and address on request. Defendant thwarted the purposes of the FDCPA when it refused to provide Plaintiff with its address. Plaintiffs stated purpose in asking for the name and address of Defendant was so that Plaintiff could send a letter to Defendant requesting validation of the debt (§ 1692f));

e) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof.  Plaintiff has never received anything in writing from Defendant of any kind (§ 1692g(a)).

6. Defendant's aforementioned violations of the FDCPA also constitute an invasion of Plaintiff's right to privacy, causing injury to Plaintiff's feelings, mental anguish and distress.

## TRIAL BY JURY

7. Plaintiff is entitled to and hereby demands a trial by jury.

## COUNT 1, FDCPA VIOLATIONS

8. The previous paragraphs are reincorporated by reference as though they were fully set forth herein.

9. The acts described above constitute a violation of the FDCPA, and these acts were done willfully and intentionally.

10. Plaintiff is entitled to actual and statutory damages for the above pursuant to §1692(k).

## COUNT 2, INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

11. The previous paragraphs are reincorporated by reference as though they were fully set forth herein.

12. Defendant and/or its agents invaded Plaintiff's privacy as described above, and intentionally caused harm to Plaintiff's emotional well-being by engaging in conduct that would be very offensive to a reasonable person.

13. Plaintiff had a reasonable expectation in Plaintiff's solitude, seclusion, and/or private affairs and concerns, and a reasonable person would find

Defendant's actions as described above highly offensive and an invasion of privacy.

14.     Plaintiff has been harmed by Defendant's invasion of privacy and has suffered damages as a result of the same, including but not limited to emotional distress, loss of sleep, and loss of enjoyment of life.

15.     Defendant's invasion of privacy entitles Plaintiff to actual damages as determined by the trier of fact.

## PRAYER

**WHEREFORE,** Plaintiff prays this Honorable Court grant the following:

    A.     A declaratory judgment that Defendant's conduct violated the FDCPA;

    B.     Actual damages;

    C.     Punitive Damages

    D.     Statutory damages pursuant to 15 U.S.C. § 1692k;

    E.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and,

    F.     Such other and further relief as may be just and proper

Respectfully Submitted,

s/Larry Leshin
Larry Leshin
Weisberg & Meyers, LLC
1216 Indiana St. NE
Albuquerque, NM 87110
866 775 3666
866 565 1327 facsimile
Attorney for Plaintiff